STATE, Plaintiff, v. KENNEY, Defendant.
SCHWARTZ, Appellant, v. ROCK COUNTY, Respondent.

*April 28—June 2, 1964.*

174

For the appellant there were briefs by *Joling & Schwartz* of Kenosha, and oral argument by *Jay Schwartz.*

For the respondent there was a brief and oral argument by *William F. Donovan,* district attorney.

A brief *amicus curiae* was filed by *William Urban Zievers* of Kenosha, for the Kenosha County Bar Association.

HALLOWS, J.   The bill submitted according to paragraph 12 of the stipulation of facts is as follows:

"12. That pursuant to the Minimum Fee Schedule of the State Bar Association of Wisconsin, the charges for services rendered by JAY SCHWARTZ to the defendant is:

a. 9 full days in court @ $200.00/day.... $1,800.00
b. 5 one-half day appearances
   @ $75.00/day...................... 375.00
c. 127.5 hours of research and
   consultation @ $20.00/hr............ 2,550.00
d. Out of pocket expenses.............. 797.74
e. 76.25 hours travel time @ $20.00/hr... 1,525.00
f. Preparation of application........... 75.00

                    TOTAL BILL.. $7,132.74"

The out-of-pocket expenses consisted of mileage, meals, lodging, telephone tolls and fees, psychologist's fee, and transcript cost. No hearing was held or testimony taken to determine the fees. In its written opinion the court disallowed items relating to travel time and mileage between Kenosha

and Beloit, meals, hotel expenses, and long-distance toll charges, because such time and expenses would not be incurred by a local attorney. An item of $120 for consultation with a psychiatrist was disallowed on the ground Rock county had a psychiatrist who could have been used by Mr. Schwartz.

The trial court also disallowed all time charges for consultation with the client, his parents, or the other defendants, on days when the court approved a one-half day per diem on the ground that on those days the court appearance was of short duration and the appearance and the consultations together should not have taken more than one-half day. On days on which a full per diem charge was allowed, time charges for consultation or research and in addition for travel were disallowed. A specific item for preparing the application and motion for the appointment, all charges for travel time, research and two days of trial time related to the discharge of the first jury were disallowed. After making deductions, the trial court considered the total time spent for research, investigation, and consultation, was illustrative of much nonproductive time and duplication of effort and disallowed one third of such time. Applying to the remainder of the claim two thirds of the minimum fees set forth in the schedule of the State Bar of Wisconsin, the court finally arrived at its figure for services of $1,716.90.

Two arguments are made by the appellant which we thought were disposed of in *Conway v. Sauk County* (1963), 19 Wis. (2d) 599, 120 N. W. (2d) 671, when the court held the ultimate responsibility rests upon the court to determine the amount of research, investigation, and preparation necessary to furnish an adequate defense of an indigent in each case; and the minimum-fee schedule is evidence relevant to the question of a reasonable charge for services but the court is not bound to apply the rates therein set forth. This is true even in the instant case where the parties have stipu-

lated the customary charges made by attorneys in this state for comparable services are those set forth in the minimum-fee schedule of the State Bar of Wisconsin.

Presumably, trial judges and defense counsel will frequently differ on the extent and nature of the services which are reasonably necessary to constitute an adequate defense for an indigent charged with crime. An attorney must necessarily work with foresight and ought not be judged by a court on the sole basis of hindsight. In reviewing the charges, the court should place itself in the position of defense counsel entrusted with the duty of furnishing an adequate defense. The judgment of counsel in deciding what preparation and investigation are necessary and the extent thereof should be carefully considered by the trial court. The test is not how the trial judge would have tried the case for the defense, but whether the time spent was reasonably necessary for an adequate defense.

On this appeal it makes no difference whether we consider the trial court's function to be in nature discretionary so that allowances made by the court must be clearly unreasonable to be reversed,[1] or whether the trial court is making a finding of ultimate fact in determining an attorney's fee and the test of the great weight and clear preponderance of the evidence applies.[2] Under either view the allowance of the trial court cannot stand.

We think it was error to disallow mileage, travel time, and expenses for meals incurred by an out-of-county counsel. True, the expense of furnishing counsel to an indigent is borne by the county and the public should not be required to pay excessive fees or unnecessary fees, but the court did appoint an out-of-county attorney. To keep expenses at a minimum, it should be the practice to appoint counsel for

[1] *Conway v. Sauk County, supra.*
[2] *Touchett v. E Z Paintr Corp.* (1961), 14 Wis. (2d) 479, 111 N. W. (2d) 419.

indigents who reside in the county of trial. The requested item of over $1,500 for travel time and several hundred dollars for mileage points up the expensiveness of out-of-county counsel. There may be cases when a court believes the circumstances require the appointment of counsel who resides outside the county. In such cases the demands of adequate and effective representation must override considerations of mere economy. In the interest of economy and fairness in such cases the court should have a prior understanding with counsel on travel time, mileage, and other expenses.

In this case there was apparently a legitimate misunderstanding between counsel and the court. The court assumed counsel understood only such time and expenses as local counsel would incur would be allowed. We do not find any facts in the record to sustain this assumption. Contrariwise, no facts exist in the record to support counsel's claim he could charge mileage, meals, and travel time at minimum professional rates on a portal-to-portal basis. The trial court should reconsider these items for those days the court determines such travel was necessary. In no event should such travel time be allowed at the hourly rate the court sets for legal services unless it is proven the travel was necessary during a portion of the day when counsel would have earned such fee. If the attorney claims travel time at professional rates, he must be prepared to prove he was prevented from earning such rate because of the necessity of traveling at that time. Necessary mileage to and from the county must also be taken into consideration, but under sec. 957.26, Stats., must be allowed not in excess of seven cents a mile. The same rule of necessity and reasonableness applies to expenses for meals, lodging, and long-distance telephone calls.

We find no error in disallowing time charges for consultation with client, parents, and other counsel, on days when the court allowed a one-half day per diem for court

appearance when the total time in court and conferences did not exceed one-half day. Where a full-day per diem charge is allowed, normally no other charges on a time basis would be justified. There may be exceptional cases in which a charge for extraordinary services may be allowed in addition to a per diem. We consider a per diem charge as in the nature of a complete charge for services rendered on a given date, not just services between 9 a. m. and 5 p. m.

We think the disallowance of the charges relating to the discharge of the first jury was erroneous. It may be the trial judge thought the jury panel was satisfactory, but it is a fact there were specific jurors on the panel who had previously served on panels within two years from the date of the trial. Defense counsel had a right to challenge these jurors. Because of these challenges the jury as finally selected contained one juror who it was later discovered had been less than candid in his answers on *voir dire*. The court dismissed the jury and a new one was selected. The fact the trial court believed that before the selection of this juror a satisfactory jury could have been chosen was not sufficient ground to deny defendant's counsel his fees for that portion of the case. Defense counsel should not be penalized for objecting to the jury. The fact remains the jury was not impaneled as required by the statute.

The trial court decided at least one third of the preparation and work other than trial was unnecessary and duplicitous. Duplication of effort frequently arises and is unavoidable in cases when several defendants are tried together for the same offense. Whether in this case the unproductive work is one-third more or less we are unable, of course, to determine. Counsel appointed by the court should be ever zealous not to spend more time in preparation of a defense than is necessary. Every attorney knows there is no limit to how much preparation one can give a lawsuit, but defense

counsel must be practical and use good judgment. In such matters he proceeds at his peril. It would seem that testimony of counsel relating to the necessity of such services would be helpful. Since the services are to be reconsidered by the trial court in other respects, we suggest the court reexamine this item.

The disallowance of $120 for consultation with a psychiatrist was error. Apparently the trial court thought this charge was the psychiatrist's fee for his time and any such consultation should have been with the psychiatrist employed by Rock county. As we read the record this was a time charge for counsel's consultation with a psychiatrist. Apparently no charge has been made by the psychiatrist or at least none is claimed in counsel's statement of expenses.

It is urged that sec. 256.49, Stats., requires this court to apply the full minimum bar rates to services rendered by court-appointed counsel. That section provides the amount of compensation for attorneys appointed by the court shall be such sum as the court shall deem proper and which shall be such as customarily charged by attorneys in this state for comparable services. We do not construe this section as requiring the application of the full minimum rates of the State Bar of Wisconsin. The going rate for representation of indigents in Rock county is two thirds of the minimum bar rates. Such practice is prevalent in other parts of Wisconsin and is used as a guideline in allowing compensation to counsel appointed by this court for indigents. We find no error in the rate used by the trial court.

The amount of attorney's fees for representing an indigent should not be confused with the quality of the work. It is urged upon us the quality of the service is at least partially determined by the economics of the practice of the law, and in the *amicus curiae* brief of the Kenosha County Bar Association it is argued that at least the minimum fees should be allowed and preferably fees in excess of those. In answer, we

point out that in the tradition of the bar some of the most effective and successful defenses have been rendered without compensation and motivated only by counsel's sense of duty to his profession and the public and Wisconsin is one of the minority of states which seeks to compensate court-appointed counsel and does not call upon the legal profession for full contribution. Because the legal profession is a privileged one, it still has the duty to furnish its services to the indigent and courts have a right to call for counsel and expect members of the bar to accept appointments without remuneration or with partial remuneration. However, this state has considered it part of its public duty not only to furnish counsel in felony cases but to pay compensation therefor. This has been the rule almost as long as Wisconsin has been a state. See *Carpenter v. Dane County* (1859), 9 Wis. 249 (*274). However, we believe the lawyers of this state are and will be devoted to their duty to render adequate and efficient service to indigents whether or not they receive compensation comparable to private practice.

The case must be remanded to permit the trial court to hold a hearing and redetermine the reasonable compensation and expenses to be paid Mr. Schwartz.

*By the Court.*—Order reversed, and the cause remanded for further proceedings not inconsistent with this opinion.