RAY A. SUNDET, Corporation Counsel, La Crosse County
You have requested my opinion with respect to possible conflict under sec. 946.13, Wis. Stats., where a county board supervisor is appointed to represent indigent defendants and annual remuneration for such services exceeds $2,000.00.
I am of the opinion that there is probable violation of sec.946.13. Stats., in such case.
An attorney appointed to represent an indigent is probably an independent contractor rather than a county employe; and the provisions of sec. 59.03 (3), Stats., which provide that no county officer or employe is eligible to the office of supervisor, would not apply.
In 28 OAG 58 (1939), it was stated that under then sec. 348.28, Stats., a county supervisor could not perform dental services for indigents where the services were approved in advance by the welfare department and the bill for services was ultimately paid out of the children's aid fund which in part was created by the appropriations by the county board.
Section 348.28, Stats. (1937), was more strict than present sec. 946.13, Stats., and the annual monetary exemption was much smaller.
Compensation of counsel for indigents is provided for pursuant to secs. 256.49 and 967.06, Stats. The court appoints the attorney and fixes his compensation. "The certificate of the clerk shall be sufficient warrant to the county treasurer to make such payment." The court determines the reasonableness. State v.Kenney (1964), 24 Wis.2d 172, 128 N.W.2d 450. The county is liable for such fees. State v. Welter (1963), 19 Wis.2d 599,120 N.W.2d 671.
The county board has the ultimate responsibility of appropriating the necessary funds. If the fund in the budget approved by the county board is not sufficient, the board would have to augment it. It is also noted that sec. 256.66, Stats., provides discretion in the county board as to whether there shall be attempted recovery of legal fees paid for indigent defendants. There *Page 64 
is a possible conflict as between the attorney's duty to his client and his duty to the county on such an issue.
If the county supervisor were to vote on such measures, there would be probable violation of sec. 946.13 (1) (a), Stats., and possible violation of sec. 946.13 (1) (b), Stats., where the amounts of the contracts exceeded $2,000.00 in any one year.
In Heffernen v. City of Green Bay (1954), 266 Wis. 534, 542,64 N.W.2d 216, it was held that it was immaterial that the officer abstained from voting on the contract in question.
In 52 OAG 367, 370 (1963), it was stated that since adoption of the new criminal code, abstention from voting may avoid violation of sec. 946.13 (1) (b), Stats., but it is questionable whether it would avoid violation of sec. 946.13 (1) (a), Stats., if the other elements could be proven.
RWW:RJV