HERRO, MCANDREWS & PORTER, S. C., Respondent, v. GERHARDT, Appellant.

*No. 323. Argued January 4, 1974.—Decided February 5, 1974.*
(Also reported in 214 N. W. 2d 401.)

180

For the appellant there were briefs by *Steven N. Gerhardt* of Madison, pro se, and oral argument by *John C. Fritschler* of Madison.

For the respondent there was a brief by *Herro, Mc-Andrews & Porter, S. C.,* of Madison, and oral argument by *Jack DeWitt* of Madison.

HANLEY, J.   The sole issue to be determined on appeal is whether the attorney's fees charged the appellant for services rendered in a prior divorce action were unreasonable and excessive and thus unenforceable.

It is established that courts have the inherent power to determine the reasonableness of attorney's fees and to refuse to enforce any contract that calls for clearly excessive or unreasonable fees.[1]   Such inherent power of the court may be exercised either during the action from which the charges for attorney's fees emanates[2] or in a subsequent suit on that contract for attorney's services.   This is especially true when—as in the case at bar—an attorney contracts with his client for compensation during the existence of the relation of attorney and client.   If such a contract exacts an unreasonable fee, courts will not permit its enforcement against the client.[3]

---

[1] *See: Hennen v. Hennen* (1972), 53 Wis. 2d 600, 193 N. W. 2d 717 (wherein the court refused to permit recovery of attorney's fees which the court determined to be unreasonable); *Hutterli v. State Conservation Comm.* (1967), 34 Wis. 2d 252, 148 N. W. 2d 849 wherein the court, in determining the reasonableness of a contingent fee contract, states:

"While there is nothing *per se* improper in a contingent fee contract, *it does not automatically follow that the circuit judge must honor it in applying his equitable discretion under sec. 32.06 (9) (a), Stats.* If it represents a reasonable charge it should be granted; if it is excessive it should not be granted. Thus, a contingent fee agreement is only a guide, but not a control on the question of a reasonable fee." (Emphasis supplied.)

[2] *Hennen v. Hennen, supra.*

[3] *State v. MacIntyre* (1941), 238 Wis. 406, 416, 298 N. W. 200; 7 Am. Jur. 2d, *Attorneys at Law*, p. 170, sec. 211.

Since courts have the inherent power and responsibility to determine whether the attorney's fees in question are reasonable and to refuse enforcement of those charges which are not, this court must determine what the reasonable value for similar attorney's services would be in the instant action.

The trial court stated in an advisory capacity that:

"The court was quite impressed by the testimony of Mr. John McCarthy, Jr., of the State Bar Association. Mr. McCarthy testified that an appropriate fee would range in the area from $3,000 to $4,500. The setting of the fee approximates the court's determination; and the court, therefore, fixes the reasonable fee at $3,500."

This court has stated that since the trial court's determination of the value of attorney's fees is a finding of fact, it will be sustained unless clearly unreasonable and against the great weight and clear preponderance of the evidence. *Knoll v. Klatt* (1969), 43 Wis. 2d 265, 271, 168 N. W. 2d 555; *Estate of Marotz* (1953), 263 Wis. 99, 103, 56 N. W. 2d 856. However, in *Touchett v. E Z Paintr Corp.* (1961), 14 Wis. 2d 479, 488, 111 N. W. 2d 419, the court held that in effect an independent review as to the reasonableness of attorney's fees would be performed on appeal.[4]

"The general rule is that a trial court's findings of fact will not be disturbed on appeal unless contrary to the great weight and clear preponderance of the evidence. However, an exception to this rule exists with respect to determinations of the value of legal services. *This is because the value of legal services is reviewed on appeal by judges who have expert knowledge as to the reasonable value of legal services.*" (Citation omitted.) (Emphasis supplied.)

[4] *See: Hennen v. Hennen, supra; State v. DeKeyser* (1965), 29 Wis. 2d 132, 138 N. W. 2d 129; *Lakeshore Commercial Finance Corp. v. Bradford Arms Corp.* (1970), 45 Wis. 2d 313, 330, 173 N. W. 2d 165.

Thus, it is apparent that a conflict exists as to the tests applied by this court in determining the issue of reasonableness of attorney's fees—*i.e.,* "unreasonable" test and an "independent review" test. Since this court exercises an inherent supervisory power over the practice of law:

"We must reiterate, the primary duty of the courts as the judicial branch of our government is the proper and efficient administration of justice. Members of the legal profession by their admission to the bar become an important part of that process and this relationship is characterized by the statement that members of the bar are officers of the court. . . . *The practice of the law in the broad sense, both in and out of the courts, is such a necessary part of and is so inexorably connected with the exercise of the judicial power that this court should continue to exercise its supervisory control of the practice of the law."* (Emphasis supplied.) *In re Integration of Bar* (1958), 5 Wis. 2d 618, 622, 93 N. W. 2d 601.

and since, we think, such power would be more effectively exercised with an independent review, this court will independently review attorney's fees when challenged on appeal and any language to the contrary is withdrawn.

In determining the reasonable value of attorney's fees for services rendered, the proper factors to be considered are as follows:

" ' "The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services." ' " [5]

---

[5] *Touchett v. E Z Paintr Corp., supra,* citing *Estate of Huffman* (1944), 349 Pa. 59, 64, 36 Atl. 2d 640. The reference to the "ability of the client to pay" as a factor in determining the

From an independent review of the record we are satisfied that the reasonable value of the legal services at issue on this appeal is the maximum range of $4,500 as testified to by Attorney John McCarthy, Jr. This amount is the reasonable value of the services rendered by respondent DeWitt to appellant Gerhardt.

We conclude that the judgment of the trial court should be reversed and the case remanded to the trial court to enter judgment for the respondent in the sum of $4,500 plus interest and costs.

The sole reason that the trial court entered judgment for $5,500 was because the trial judge incorrectly believed that he lacked the inherent power to determine a reasonable value for such services performed. Such was an error of law under either of two rationales:

1. The court's inherent power to determine reasonableness and to refuse to enforce an unreasonable contract for attorney's fees.

2. That the burden of proof was upon the respondent attorney to prove the reasonableness of his fees—in that at the time the contract was created an attorney-client relationship already existed—and the respondent failed to carry his burden of proof. *See State v. MacIntyre, supra.*

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment consistent with this opinion.

WILKIE, J., took no part.

ROBERT W. HANSEN, J. *(concurring in part; dissenting in part).* The court majority finds the respondent attorney entitled only to a reasonable fee for his services. The value of services has been modified by this court in *Hennen v. Hennen, supra.* The "ability of a client to pay" should be taken into consideration only if the client is unable to pay a reasonable fee because of a lack of means. *See* Code of Professional Responsibility, *Ethical Considerations,* 43 Wis. 2d vii, xviii.

writer agrees. Expert testimony on reasonableness of fee for the services rendered, given by a state bar association official, set the range of reasonable fee allowable from a minimum $3,000 to a maximum $4,500. The court majority fixes the reasonable fee to be awarded at $4,500. The writer disagrees. The trial court in its opinion held that a reasonable fee here would be $3,500. While stated as a conclusion of law rather than as a finding of fact, the trial court's setting of $3,500 as a reasonable fee appears to be an appropriate holding. So the writer would set the fee for legal services due respondent from appellant at $3,500, the amount found to be a reasonable fee by the trial court.