IN THE MATTER OF ATTORNEY FEES OF BURGESS

1. COURTS—JUDGES—APPOINTED ATTORNEYS—CRIMINAL LAW—INDI-
   GENTS—STATUTES.

   A presiding judge of a trial court has a statutory right to appoint
   and determine compensation for counsel for an indigent defend-
   ant (MCLA 775.16; MSA 28.1253).

2. COURTS—JUDGES—APPOINTED ATTORNEYS—ATTORNEY FEES—CRIMI-
   NAL LAW—INDIGENTS—APPEAL AND ERROR.

   A trial judge's determination of fees for appointed counsel will
   not be disturbed on appeal absent a gross abuse of discretion.

3. COURTS—RECORDER'S COURT—APPOINTED ATTORNEYS—CRIMINAL
   LAW—ATTORNEY FEES—JUDGES—DISCRETION—COURT RULES.

   A Recorder's Court judge may allow compensation for a court-
   appointed attorney in an amount either greater or less than
   that provided by the fee schedule appended to a Recorder's
   Court Rule (Recorder's Ct Rule 10, Appendix).

4. COURTS—APPOINTED ATTORNEYS—CRIMINAL LAW—ATTORNEY FEES
   —JUDGES—DISCRETION—ABUSE OF DISCRETION.

   Refusal of a Recorder's Court judge to allow court-appointed
   counsel any fees for their appellate services was a gross abuse
   of discretion where counsel, after furnishing capable represen-
   tation for their client in the trial court, pursued the matter
   through the Court of Appeals and eventually secured the
   dismissal of charges in the Supreme Court.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted June 1, 1976, at Detroit.
(Docket No. 24240.) Decided June 17, 1976.

Petition by Laurence C. Burgess and Jane Bur-

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 7 Am Jur 2d, Attorneys at Law § 207.
   Compensation by public of attorney for services under appointment
      by court in defending indigent person charged with crime. 130
      ALR 1439 s. 144 ALR 847.

gess for compensation for services as court-appointed counsel to an indigent defendant. Compensation for trial work allowed, but compensation for appellate work denied. Petitioners appeal. Reversed and remanded for determination of attorney fees for appellate services.

*Arthur J. Tarnow* and *Barbara A. Schwartz,* for petitioners.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

PER CURIAM. Petitioners are licensed attorneys who were assigned by the Recorder's Court for the City of Detroit to represent an indigent defendant, Robert Early Smith, charged with carrying a concealed weapon, contrary to MCLA 750.227; MSA 28.424. Petitioners represented Smith at the preliminary examination and thereafter filed a motion to quash the information which was denied by Judge Joseph Maher. Application for leave to appeal that order to the Court of Appeals was granted, a brief submitted and oral argument presented by petitioners, which eventuated in an affirmance of the trial court ruling. *People v Smith,* 49 Mich App 630; 212 NW2d 768 (1973).

Petitioners then filed an application for leave to appeal to the Supreme Court. The application was granted and the case was remanded to Recorder's Court for a determination as to whether or not Smith was indigent. *People v Robert Early Smith,* 391 Mich 788 (1974).

On remand Judge Maher determined that Mr. Smith was indigent and issued an order assigning petitioners to continue their representation. Pe-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

titioners then prepared a brief and presented oral argument in the Supreme Court. Their efforts resulted in a reversal of the Court of Appeals decision and a quashing of the information. *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975).

When the petitioners sought compensation from Recorder's Court for work done in that court and for the two subsequent appeals, their request resulted in an order entered April 2, 1975, allowing the petitioners $250 for trial work and nothing at all for their services incident to the two appeals. From this order petitioners appeal as of right.

The statute authorizing the appointment and payment of counsel for indigent defendants is MCLA 775.16; MSA 28.1253, which provides, in full:

"Whenever any person charged with having committed any felony or misdemeanor not cognizable by a justice of the peace or magistrate and who appears before such justice of the peace or magistrate without counsel, and who shall not have waived examination upon the charge upon which he appears, such person shall be advised of his right to have counsel appointed for such examination, and if such person states that he is unable to procure counsel, the justice or magistrate shall notify the presiding judge of the circuit court in the jurisdiction of which the offense is alleged to have occurred, and upon proper showing the presiding judge shall appoint some attorney to conduct the accused's examination before a justice court or examining magistrate and to conduct the defense, *and the attorney so appointed shall be entitled to receive from the county treasurer on the certificate of the presiding judge that such services have been duly rendered, such an amount as the presiding judge shall in his discretion deem reasonable compensation for the services performed."*

The statute gives the presiding judge of the trial court the right to determine or deny fees to ap-

pointed counsel and that determination will not be disturbed on appeal absent a gross abuse of discretion. *In the Matter of the Attorney Fees of William J Hayes,* 55 Mich App 30, 34; 222 NW2d 20 (1974).

Court Rule 10 of the Recorder's Court of the City of Detroit provides for the appointment of counsel to represent indigent felony defendants in that court. Attorney fees are set forth in a fixed fee schedule appended to Rule 10. Appendix Section (i) provides as follows:

"On certification of the Trial Judge, an attorney shall be entitled to receive from the Wayne County Treasurer:

\* \* \*

"(i) in all cases of appeals to a higher court, a fee of $100.00 for every 400 pages of transcript, or major fraction thereof, but not less than $100.00; plus $250.00 for all proceedings in the higher court where claim of appeal and brief is filed."

The seemingly mandatory "shall be entitled" language of Rule 10 does not preclude a trial judge from allowing compensation in an amount either greater or less than that provided by the fee schedule inasmuch as the Legislature has made this determination a matter of discretion with the judge. MCLA 775.16; MSA 1253; *In the Matter of the Attorney Fees of Ruth Ritter and Raymond E Willis,* 63 Mich App 24; 233 NW2d 876 (1975). However, "[t]he ordering of a fee grossly below scheduled fees, or the consistent refusal to award fees that even approximated those in an established schedule might lead to the conclusion that there was not the proper exercise of discretion". *In the Matter of Ritter, supra,* at 28.

We agree with the petitioners that the refusal of

the trial judge to allow any fees for their appellate services was a gross abuse of discretion. Petitioners furnished capable representation in the trial court, diligently pursued the matter through the Court of Appeals and eventually secured the dismissal of charges in the Supreme Court. To allow them nothing for their effective advocacy in the appellate courts is simply outrageous.

In light of our disposition we do not consider petitioners' constitutional attack on Rule 10, except to point out that similar arguments were rejected in *In the Matter of the Attorney Fees of Sheldon M Meizlish,* 387 Mich 228; 196 NW2d 129 (1972), which dealt with the Wayne County Circuit Court's equivalent of Rule 10.

Remanded to the trial court for determination of attorney fees and payment.

No costs, a public question.