Ronald David SCHMIDT and Phillip W. Smith, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Edward F. SCHUBERT, M.D., Supt., Central State Hospital, Waupun, Wisconsin, Defendant.

Civ. A. No. 73–C–517.

United States District Court, E. D. Wisconsin.

July 28, 1977.

Elizabeth R. Alexander, Corrections Legal Services Program, Madison, Wis., for plaintiffs.

Pamela Magee, Asst. Atty. Gen., Madison, Wis., for defendant.

REYNOLDS, Chief Judge.

Patients at Central State Hospital brought this action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the hospital's visitation policies. The Court entered an order on March 8, 1977, granting the plaintiffs' motion for partial summary judgment. The matter now before the Court is the plaintiffs' motion for an award of attorneys' fees. For the reasons hereinafter stated, the motion is granted.

The plaintiffs in this action were represented, at no charge to them, by Corrections Legal Services ("CLS"), an organization supported in part with grants of public funds. CLS now seeks an award of attorneys' fees pursuant to 42 U.S.C. § 1988, as amended, which provides in pertinent part:

"   *   *   *   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The effective date of § 1988, as amended, was October 19, 1976.

There are a number of issues raised by the defendant in opposition to the plaintiffs' motion. The defendant opposes the granting of attorneys' fees to plaintiffs' counsel on the grounds that any such award is barred by the Eleventh Amendment unless and until the definition of "person" as used in 42 U.S.C. § 1983 is amended to include a state. See *Monroe v. Pape*, 365 U.S. 167, 187–191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The Court finds the defendant's argument unpersuasive.

■ The named defendant is not the state; it is an individual acting in his official capacity as superintendent of Central State Hospital. State officials sued in their official capacities are "persons" for purposes of suit under § 1983. *Stebbins v. Weaver*, 396 F.Supp. 104 (D.C.Wis.1975). In addition, the Supreme Court in *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976), held:

"   *   *   *   But we think that the Eleventh Amendment, and the principle of state sovereignty which it embodies   *   *   are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment.   *   *   *   When Congress acts pursuant to § 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional Amendment whose other sections by their own terms embody limitations on state authority. We think that Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or

state officials which are constitutionally impermissible in other contexts. * * "

Senate Report No. 94–1011, 94th Cong., 2d Session, states at page 5; U.S.Code Cong. & Admin.News 1976, p. 5912:

" * * * Fee awards are therefore provided in cases covered by S. 2278 in accordance with Congress' powers under, inter alia, the Fourteenth Amendment, Section 5. As with cases brought under 20 U.S.C. § 1617, the Emergency School Aid Act of 1972, defendants in these cases are often State or local bodies or State or local officials. In such cases it is intended that the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party)."

There can be no doubt that Congress, in passing the attorneys' fees amendment to 42 U.S.C. § 1988 in accordance with its powers under § 5 of the Fourteenth Amendment, intended to remove the Eleventh Amendment as a bar to an award of attorneys' fees in actions brought under 42 U.S.C. § 1983, and in so doing complied with the test as enunciated in *Fitzpatrick*, supra. See also *Bond v. Stanton*, 555 F.2d 172 (7th Cir. 1977).

Having decided that the Eleventh Amendment does not operate as a bar to an award of attorneys' fees in this action, the Court must address itself to the applicability of 42 U.S.C. § 1988, as amended, to a pending proceeding.

In *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court held that § 718 of the Emergency School Aid Act providing for attorneys' fees for the prevailing party applied to pending proceedings. The Court said at pages 715–716, 94 S.Ct. at page 2018:

" * * * we do note that insofar as the legislative history of § 718 is support-

ive of either position, it would seem to provide at least implicit support for the application of the statute to pending cases."

The same can be said of the legislative history of § 1988.

"In accordance with applicable decisions of the Supreme Court, the bill is intended to apply to all cases pending on the date of enactment as well as all future cases. [Citation omitted.]" H.R. Rep. No. 94–1558, 94th Cong., 2d Session, p. 4 n. 6.

The effective date of the amendment to § 1988 was October 19, 1976; the instant action was pending as of that date. See *Wade v. Mississippi Cooperative Extension Service*, 45 U.S.L.W. 2301 at 2302 (N.D. Miss., Jan. 4, 1977), wherein the Court held that the amendment applied to a pending case.

The defendant contends that even if the amendment to § 1988 was intended to apply to cases pending as of October 19, 1976, the award of attorneys' fees should not be made in this case because special circumstances render such an award unjust. See *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The special circumstances advanced by the defendant are the funding structure of CLS and the timing of the litigation.

With respect to the timing of the litigation, although the bulk of the legal services rendered in connection with the action had been completed by October 19, 1976, the action was still pending as of that date.

The defendant's assertion that he had been counseled with respect to the course of litigation and appropriate action without realization that liability for significant amounts of fees might accrue does not defeat the purpose behind the fee award which is to encourage private enforcement of the civil rights laws by providing plaintiffs with a meaningful opportunity to litigate. The Court fails to see how the potential effect of a fee award on defendant's tactical decisions can rise to such heights as to subvert the purpose behind the award.

With respect to the funding structure of plaintiffs' counsel, the Court concludes that it fails to constitute a special circumstance requiring denial of plaintiffs' motion. Although any award to CLS is subject to two possible dispositions, unless the defendant can demonstrate that an award would actually defeat the purpose behind the award, all doubts should be resolved in favor of the plaintiffs.

The fact that CLS is organizational counsel does not make an award any less appropriate. The presumptions regarding the motivations of private attorneys apply equally to organizational attorneys. See *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975).

With respect to the amount of a fee award, the same factors are to be taken into consideration as would be in an antitrust case. (Senate Report, p. 6) Thus, the magnitude and complexity of the case, along with the quality of services of counsel, the time and labor spent in connection with the case, and the beneficial result achieved as a result of counsel's representation are all factors to be considered by this Court in deciding the plaintiffs' motion. *In re Clark Oil & Refining Corp.*, 422 F.Supp. 503, 510 (E.D.Wis.1976).

The affidavits of the staff attorneys for CLS indicate that 99.5 hours were spent in representing the plaintiffs. At the acknowledged prevailing hourly rate in Wisconsin for private attorneys of $45, see *State v. Sidney*, 66 Wis.2d 602, 225 N.W.2d 438 (1975), the plaintiffs would have incurred attorneys' fees of $4,477.50. The defendant's primary objection to an award of this amount is that two of the three central issues regarding visitation policies at Central State Hospital were settled prior to summary judgment. The fact that a settlement may have been reached in no way diminishes the value of the legal services rendered to the plaintiffs. Whether the desired result is achieved through litigation or through settlement, the fact remains that the plaintiffs have achieved a beneficial result from the legal services provided by their counsel. As to the other factors used in determining an award of attorneys' fees, the defendant does not challenge the quality of the services provided by CLS, nor that the magnitude and complexity of the constitutional challenge is such that an award of approximately $4,500 in this case is warranted.

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for an award of attorneys' fees is granted.

IT IS FURTHER ORDERED that the judgment entered in this action is amended so as to include $4,477.50 in attorneys' fees as costs taxable to the defendant.