**Lee A. TAPPE, Plaintiff and Appellant,**

v.

**The CIRCUIT COURT, SIXTH JUDICIAL CIRCUIT In and For the COUNTY OF TRIPP, State of South Dakota, Defendant and Appellee.**

No. 13781.

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Dec. 1, 1982.

Lee A. Tappe, Platte, pro se.

Gregory A. Eiesland and Horace R. Jackson of Lynn, Jackson, Shultz & Lebrun, Rapid City, for South Dakota Trial Lawyers Ass'n, amicus curiae.

DUNN, Justice.

This appeal involves the amount of compensation to be paid to Lee A. Tappe (appellant), court-appointed counsel, for services performed while representing an indigent criminal defendant.

On September 24, 1980, appellant was appointed to represent William R. Cody in proceedings after judgment and conviction of murder. Appellant's appointment was authorized by SDCL 23A–40–9.[1] Appellant performed a wide range of services for his indigent client from the date of appointment as counsel through September 30, 1981, the date when *State v. Cody,* 323 N.W.2d 863 (S.D.1982), was orally argued before this court. These services included, inter alia: review of the trial transcript, legal research on a variety of issues, preparation of two briefs for the appeal to this court in *Cody, supra,* a habeas corpus petition with supporting brief to federal court, numerous phone calls, letters and conferences, and the actual appearance for oral arguments before this court.

On May 1, 1981, appellant presented the trial court with a sworn "Petition for Com-

---

1. SDCL 23A–40–9 reads as follows:

 If proceedings after judgment and conviction are taken, by motion in arrest of judgment, motion for a new trial or any presentence or postsentence proceedings, or an appeal to the Supreme Court, an allowance for such sum as may be reasonable and just for the services rendered and for necessary expenses and cost incident to the proceedings shall be allowed to counsel assigned by the court pursuant to § 23A–40–6 and subdivision (2) of § 23A–40–7, in an amount to be set by the presiding judge of the circuit court.

pensation and Order." The petition contained an itemized list of noncourt hours and expenses and included a description of the type of services performed as to each item. In total, the petition requested $8,444.90, of which $6,985.90 were fees and $1,459.00 were expenses.

On October 15, 1981, appellant submitted another sworn "Petition for Compensation and Order." In essence, this petition requested payment for services provided and expenses incurred subsequent to the May 1, 1981, petition. Appellant requested an additional $895.00 in fees; bringing his total request for fees to $7,880.90. Appellant also requested an additional $219.99 in expenses; bringing his total request for expenses to $1,678.99.

In an order dated November 18, 1981, the trial court awarded appellant expenses of $1,457.30 and compensation for services in the amount of $3,040.00. The court reached this latter figure by concluding one hundred out-of-court hours at $30.00 per hour and one in-court hour at $40.00 per hour was adequate compensation for the services performed. The order was signed by the trial court judge and the presiding judge of the circuit.

On January 13, 1982, appellant filed an "Application for Writ of Certiorari" with this court, seeking review of the order cutting his fees. The application was denied with the proviso that appellant could reapply for the writ if a hearing on the matter was denied by the circuit court. Subsequently, a hearing was held before the presiding judge for the circuit on the issue of fees. On March 5, 1982, the presiding judge entered an order denying appellant's motion to have the reduction of his fees set aside.

The sole issue before this court is whether the trial court erred in allowing appellant's fee request only to the extent of $3,040.00.[2] We believe it did and we therefore remand this case for further consideration by the trial court.

Compensation for attorney fees for counsel appointed by the court to represent indigent clients is provided for in SDCL 23A–40–9. This statute provides, in part: "If proceedings after judgment and conviction are taken ... an allowance for such sum as may be reasonable and just for the services rendered ... shall be allowed to counsel assigned by the court ... in an amount to be set by the presiding judge of the circuit court."

■ We note that under the statute governing remuneration of appointed counsel, the legislature intended to vest wide latitude of discretion in the presiding judge of the circuit court in the matter of determining fees. Since our presiding judges, by statute, have the right to determine or deny fees to appointed counsel in the manner set forth below, we will not disturb that determination on appeal, absent gross abuse of discretion. See Matter of Burgess, 69 Mich. App. 689, 245 N.W.2d 348 (1976).

Although this court has had occasion to discuss the reasonableness of attorney fees for divorce actions, Stanton v. Saks, 311 N.W.2d 584 (S.D.1981); DeWitt v. DeWitt, 86 S.D. 59, 191 N.W.2d 177 (1971), we have not addressed this precise issue as it relates to court-appointed counsel in criminal actions. We now take this opportunity to set forth a test to determine the "reasonableness" of services provided by counsel under assignment by the court.

We believe there are two elements in any standard providing for reasonable attorney fees. As the Supreme Court of Iowa stated in Hulse v. Wifvat, 306 N.W.2d 707, 709 (Iowa 1981), "[b]oth the necessity and valuation of the services must be determined. The services must have been reasonably necessary and the valuation must be reasonable in amount." We address the valuation element first.

We agree with other courts which have concluded that all legal work for indigent criminal defendants should be at a

---

**2.** Despite the apparent discrepancy in the total expenses requested by appellant ($1,678.99) and the amount awarded by the trial court ($1,457.30), appellant makes no claim for the differential in his appeal. Thus, we limit our discussion here solely to the issue of fees.

figure per hour that is generally one-third below the prevailing rates charged for services to nonindigents. Our determination is supported by certainty of payment from the public treasury, plus the fact that legal work of this nature is part of the general obligation of all attorneys to see that justice is done in the criminal courts. *State v. Sidney,* 66 Wis.2d 602, 225 N.W.2d 438 (1975). We approve the trial court's adoption of $30.00 per hour for out-of-court work and $40.00 per hour for in-court appearances as the rate to be paid for legal work performed on behalf of indigent criminal defendants in this state.

 The question then facing this court is whether all the hours were reasonably necessary for performance of the services involved. We conclude that in determining whether the time spent is reasonably necessary, the trial court should consider factors including, but not limited to: the time spent and services rendered, the attorney's skills and experience, the complexity of the case, the attorney's overhead costs, and the character and importance of the litigation. *See People v. Johnson,* 87 Ill.2d 98, 57 Ill.Dec. 599, 429 N.E.2d 497 (1981); *Hulse v. Wifvat, supra; State v. Sidney, supra.*[3] Moreover, we believe the trial court is under an obligation to provide explanations or rationale when they decide to modify or disallow some or all of the hours submitted for compensation by the court-appointed counsel. Since we believe a careful examination of these factors was not performed and an adequate explanation for the modification was not provided, we remand this case to the presiding judge of the circuit court for further consideration.

We reverse and remand for proceedings not inconsistent with this holding.

HENDERSON, J., concurs.

MORGAN, J., concurs in result.

FOSHEIM, C.J., and WOLLMAN, J., dissent.

MORGAN, Justice (concurring in result).

I concur in the result and agree with all of the elements for determining time necessarily spent except "the attorney's overhead costs" which I consider to be more properly an element of valuation.

FOSHEIM, Chief Justice (dissenting).

I dissent. Circuit Judges Jones and Miller—both familiar with the case and work of counsel—determined this fee. My reluctance to see counsel less than adequately compensated is overcome by a greater reluctance to disturb the judgment call of two experienced trial judges.

WOLLMAN, Justice (dissenting).

Although I have no quarrel with the factors set forth in the majority opinion that should guide the trial court's determination of the fee to be awarded for appellate work in indigent cases, I would not impose upon the trial court the burden to justifying the fee allowed but would rather leave the burden upon appellate counsel to justify the fee requested.

On the basis of the record before us, I cannot say that the amount of fees and expenses allowed represented a gross abuse of discretion by the trial court. Accordingly, I would deny the writ.

---

**3.** *See generally* SDCL 16–18 app., Code of Professional Responsibility, DR 2–106 Fees for Legal Services.