PEOPLE v EDGLEY

Docket No. 124178. Submitted September 12, 1990, at Detroit. Decided October 22, 1990; approved for publication on January 16, 1991, at 9:00 A.M.

Donna J. Edgley pleaded guilty in the Alcona Circuit Court, Joseph P. Swallow, J., of receiving and concealing stolen property and was sentenced to from two to five years in prison. The defendant appealed, claiming that the court abused its discretion in exceeding the sentencing guidelines. Appellate counsel also requested a ruling regarding proper compensation for his services.

The Court of Appeals *held:*

The court did not abuse its discretion in exceeding the guidelines, and it stated sufficient reasons on the record for exceeding the guidelines.

The extent of the defendant's participation in the criminal activity was not adequately reflected in the guidelines variables. The sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender.

The matter regarding appellate counsel's compensation is remanded to the trial court for a hearing regarding reasonable compensation to be paid by the county.

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — PROPORTIONALITY.

A sentencing court does not abuse its discretion in departing from the sentencing guidelines where the defendant's participation in the criminal activity was not adequately reflected in the guidelines variables, the court stated sufficient reasons on the record for exceeding the guidelines, and the extent of departure did not violate the principle of proportionality.

2. ATTORNEY FEES — APPOINTED APPELLATE COUNSEL.

Appointed appellate counsel are entitled to reasonable compensa-

REFERENCES

Am Jur 2d, Attorneys at Law §§ 243, 244; Criminal Law §§ 598, 599.

Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused. 18 ALR3d 1074.

tion from the county treasurer for services performed; refusal by a trial court to allow fees for appellate services is a gross abuse of discretion (MCL 775.16; MSA 28.1253).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Eugene Malanyn,* Prosecuting Attorney, and *Patricia J. Miller,* Assistant Attorney General, for the people.

*Dan J. Dowdell,* for the defendant on appeal.

Before: MAHER, P.J., and SULLIVAN and BRENNAN, JJ.

PER CURIAM. Defendant pled guilty of receiving and concealing stolen property, MCL 750.535; MSA 28.803, and was sentenced to two to five years in prison. She now appeals as of right, claiming that her sentence is an abuse of judicial discretion. We affirm.

Defendant is forty-three years old. Although she has a record of a misdemeanor conviction, the instant offense is her first felony conviction. The sentencing guidelines range in this case was zero to six months. The actual minimum sentence is four times the maximum sentence recommended by the guidelines. The trial judge, however, repeatedly referred to defendant as a "female Fagan" who directed younger persons to steal.

The judge decided to hold an evidentiary hearing to determine the extent of defendant's participation in certain incidents involving stolen property. The testimony at this hearing indicated that defendant directed her codefendants to certain houses where they were to take certain specific pieces of property and, on occasion, accompanied them on other forays. She also provided a truck for hauling the stolen goods and assisted in unloading the truck and storing the items in her barn.

Because of defendant's participation, the court

did not abuse its discretion in exceeding the guidelines, and it stated sufficient reasons on the record for exceeding the guidelines. See *People v Ewing,* 435 Mich 443; 458 NW2d 880 (1990). Her participation in the criminal activity was not adequately reflected in the guidelines variables and, thus, the trial court did not abuse its discretion in departing from the guidelines. *People v Milbourn,* 435 Mich 630, 659-660; 461 NW2d 1 (1990). Nor does the extent of the departure violate the principle of proportionality. A sentence of from two to five years, which is not even the maximum penalty which could have been imposed, is proportionate to the seriousness of the circumstances in this case surrounding the offense and the offender. *Id.,* at 635-636.

While we affirm the sentence in this matter, we note in passing that appellate counsel also requests that he be paid a proper compensation for his services in handling the appeal. The circuit court administrator informed counsel that the county does not have funds to compensate him for his services and that she was unaware of any statutory authority designating a governmental entity to make payment. We must remind the administrator of MCL 775.16; MSA 28.1253, which provides for compensation of appointed counsel. In *In re Burgess,* 69 Mich App 689; 245 NW2d 348 (1976), this Court stated that the refusal of a trial judge to allow any fees for appellate services is a gross abuse of discretion. Failure to compensate appellate counsel for advocacy in the appellate courts is simply outrageous. See, also, *In re Mullkoff,* 176 Mich App 82; 438 NW2d 878 (1989). We remand the matter to the trial court for a hearing regarding the reasonable compensation to be paid appellate counsel for his services. Such payment is to be made by the county.

Affirmed and remanded for further proceedings.