**Robert FORNEY et al., Plaintiffs,**

v.

**Michael S. WOLKE et al., Defendants.**

**Civ. A. No. 77–C–143.**

United States District Court,
E. D. Wisconsin.

Feb. 12, 1980.

Elizabeth Alexander, Asst. State Public Defender and Percy L. Julian, Jr., Madison, Wis., for plaintiffs.

James J. O'Donnell, Deputy Corp. Counsel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. §§ 1981 and 1983, challenging the alleged official practice and policy of the defendant officials of maintaining racial segregation among inmates at the Milwaukee County Jail, and their alleged policy of assigning a disproportionate number of black inmates to maximum security units. Judgment was entered on November 6, 1979. The plaintiffs have received substantially all of the relief requested in their complaint. Presently pending before the court is plaintiffs' motion for an award of costs and attorneys' fees. No response to the motion has been filed, and it will be granted.

The motion is supported by the affidavits of attorneys Percy L. Julian, Jr., Kent A. Martin and Richard L. Bartholomew, Elizabeth Alexander, and Carol W. Medaris, which affidavits document a time expenditure of 239.07 hours and out-of-pocket expenses, costs, and disbursements in the amount of $155.15. Plaintiffs request compensation for their senior counsel at the rate of $75 per hour and for their junior counsel at the rate of $50 per hour. The total award requested is $17,047.90, which includes $16,892.75 in attorneys' fees and $155.15 in out-of-pocket expenses, costs, and disbursements.

 Bearing in mind the factors as described in *Schmidt v. Schubert*, 433 F.Supp. 1115 (E.D.Wis.1977), and *Waters v. Wisconsin Steel Works of International Harvester Company*, 502 F.2d 1309 (7th Cir. 1974), which the Court must consider in determining a reasonable award of fees to a prevailing plaintiff under 42 U.S.C. § 1988, the Court is satisfied that plaintiffs are the prevailing party, that the quality of plaintiffs' representation was high, that this litigation was difficult and complex, that the number of hours expended by plaintiffs' attorneys was reasonable, and that the rates of compensation claimed are also reasonable. Further, the Court is satisfied that under Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and its general equity powers, the court may award to the prevailing plaintiffs their out-of-pocket expenses, costs, and disbursements. See also *Bradley v. School Board of the City of Richmond, Virginia*, 53 F.R.D. 28 (E.D. Va.1971); *Hartmann v. Gaffney*, 446 F.Supp. 809 (D.Minn.1977); *Payne v. Travenol Laboratories, Inc.*, 74 F.R.D. 19 (N.D. Miss.1976); *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974).

IT IS THEREFORE ORDERED that plaintiff's motion for an award of attorneys' fees and costs in the amount of $17,047.90 is granted.