Deborah PFEIFER, Plaintiff,

v.

SENTRY INSURANCE, a Mutual Company, Western World Insurance Company, Monticello Insurance Company, City of Brookfield, Stephen M. McNeill, XYZ Insurance Company, Defendants.

No. 88–C–833.

United States District Court,
E.D. Wisconsin.

Aug. 31, 1990.

Thadd J. Llaurado, Gillick, Murphy, Wicht & Prachthauser, Milwaukee, Wis., for plaintiff.

Fred A. Erchul, II, Matthew Robinson, Lichtsinn & Haensel, S.C., Milwaukee, Wis., for Sentry Ins.

Timothy Mentkowski, Riordan, Crivello, Carlson & Mentkowski, Milwaukee, Wis., for Western World.

James Reiher, von Briesen & Purtell, Milwaukee, Wis., for City of Brookfield.

Donald C. Fellows, Fellows, Piper & Schmidt, Milwaukee, Wis., for Monticello.

James Fergal, Schellinger & Doyle, Brookfield, Wis., for Stephen McNeill.

## OPINION AND ORDER

CURRAN, District Judge.

Deborah Pfeifer commenced the above-captioned case against the City of Brookfield (Wisconsin), former Brookfield police officer Stephen McNeill, and their insurers seeking compensatory and punitive damages for depriving her of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. She seeks relief under section one of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1983,[1] so the court has jurisdiction over the subject matter of her claims pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).

In her complaint, as amended, Pfeifer claims that she was driving through Brookfield on August 10, 1986, when then-officer Stephen McNeill approached her in his police car, stopped her car, then forced her to perform a sex act. She filed this lawsuit on August 9, 1988, alleging that McNeill, acting under color of state law, deprived

---

**1.** Section 1983 of Title 42 of the United States Code provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

her "of her constitutional rights, including but not limited to her right to be secure in her person, her right of bodily integrity, her right not to be subjected to arbitrary and unwarranted physical force, abuse and maltreatment, her right to be free from unreasonable searches and seizures, her right to be free from summary punishment without due process of law, and her right not to be subjected to cruel and unusual punishment." Amended Complaint at ¶ 15. She demanded $450,000.00 in compensatory damages and $350,000.00 in punitive damages from McNeill. Pfeifer's second cause of action was brought against the City of Brookfield. She alleged that:

The defendant City of Brookfield employed the Brookfield Police Department so as to enforce the laws of the State of Wisconsin and the City of Brookfield.

Defendant McNeill's supervisors and officials of the City of Brookfield Police Department were acting under color of state law at all times material hereto.

Defendant McNeill's supervisors and officials of the City of Brookfield Police Department were grossly negligent and reckless in failing to properly supervise, monitor and control defendant McNeill, and this constituted an official policy, practice or custom in violation of the constitutional rights of the plaintiff.

Defendant McNeill's supervisors and officials of the Brookfield Police Department were grossly negligent and reckless in their supervision, monitoring and control of defendant McNeill in that defendant McNeill's supervisors and officials of Brookfield Police Department assigned defendant McNeill to a patrol car during the night shift after he had experienced two traumatizing incidents, namely a shooting incident in March of 1985 and an incident involving the death of a child.

The above-mentioned custom and practice by the Brookfield Police Department was a substantial factor in causing the violation of plaintiff's Fourth and Fourteenth Amendment rights.

The City of Brookfield is liable pursuant to Wis.Stats. 895.46 for payment of any judgment entered against the defendant McNeill in this action because the defendant was acting within the scope of his employment and was carrying out duties of the Brookfield Police Department when he committed the acts described above.

As a result of the actions and inactions on the part of defendant City of Brookfield, the plaintiff suffered damages in the amount of $450,000.00.

Amended Complaint at ¶¶ 19–25.

All the named defendants answered and denied liability. The insurers asserted crossclaims for contribution or indemnification. Then, prior to the scheduled trial, the defendants settled with the plaintiff for $20,000.00.

Now, the only claim remaining in this case is defendant Western World Insurance Company's crossclaim against defendant Sentry Insurance. Western World has moved for summary judgment, asking the court to declare that Sentry had a duty to defend and indemnify the City of Brookfield in this action. In addition, Western World has asked the court to declare that the bill for attorney fees submitted to it by the law firm of von Briesen & Purtell, S.C., is unreasonable and the company has asked the court to determine reasonable fees. The parties agreed to argue these issues in briefs.

## I. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), a party moving for summary judgment must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *McGraw–Edison Company v. Walt Disney Productions,* 787 F.2d 1163, 1167 (7th Cir.1986). When faced with a properly supported motion for summary judgment, the nonmovant may not avoid judgment by simply rest-

ing on its pleadings. If the nonmovant bears the burden of production on an issue at trial, it must affirmatively demonstrate, by specific showings, that there is a genuine issue of material fact requiring a trial. *See First National Bank of Cicero v. Lewco Securities Corporation,* 860 F.2d 1407, 1411 (7th Cir.1988).

■ A "genuine" factual issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

■ A summary judgment procedure is not meant to be a trial on affidavits. Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences must be done at trial. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255. However, in a civil case such as this, the record must show that a factfinder could find by a preponderance of the evidence that the party upon whom the burden of proof is imposed is entitled to a verdict in its favor. *Id.* at 252, 106 S.Ct. at 2512. If that party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Id.* at 249–50, 106 S.Ct. at 2510–11. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Mindful of these standards, the court will consider Western World Insurance Company's motion for summary judgment. After five requests from the parties to extend the time for the briefing,[2] these matters are now fully briefed and ready for decision.

## II. SENTRY'S DUTY TO DEFEND AND INDEMNIFY

The undisputed facts in the record show that Western World Insurance Company issued a policy of liability insurance to the City of Brookfield covering law enforcement liability. *See* Defendant Western World's Brief in Support of Summary Judgment at Exhibit A. Sentry Insurance, a Mutual Company, issued a policy providing comprehensive general liability insurance to the City. *See Id.* at Exhibit C. After Deborah Pfeifer commenced this lawsuit, Western World, acting under a reservation of rights, undertook to provide separate defenses for codefendants Stephen McNeill and the City of Brookfield and to participate in the settlement of this matter. Sentry, on the other hand, denied that it had a duty to defend or provide coverage. Thus, Western World asserted a crossclaim against Sentry asking for contribution or indemnification and now asks this court for a judgment declaring that Sentry had a legal obligation to defend and indemnify the City of Brookfield.

■ The interpretation of language in an insurance policy is a question of law properly decided on summary judgment. *See Continental Casualty Company v. City of Richmond,* 763 F.2d 1076, 1079 (9th Cir.1985). Under Wisconsin law[3] an insur-

---

2. *See* Order of October 31, 1989 (setting a briefing schedule to be completed by January 29, 1990); Stipulation and [Proposed] Order to Extend Scheduling Order (entered December 1, 1989, extending the completion of the briefing schedule to February 28, 1990); [Proposed] Order of January 3, 1990; Order of January 30, 1990 (minute order extending the completion of the briefing schedule to March 30, 1990, at the

request of Attorney James Reiher); Order of February 23, 1990 (extending the completion of the briefing schedule to May 10, 1990, at the request of Attorney James Reiher).

3. Although the plaintiff's claims were governed by federal law, state law governs the insurance contract claims. The parties do not suggest that any state's law other than Wisconsin's applies in

er is obligated to assume the defense of its insured when the complaint alleges facts which, if proven, would give rise to liability covered under the terms and conditions of the policy. *See Grieb v. Citizens Casualty Company of New York*, 33 Wis.2d 552, 557, 148 N.W.2d 103, 106 (1967). However, the insurer's duty is not necessarily limited by the allegations of the complaint. The insurer must also consider facts which are known to it or are reasonably ascertainable. *See American Motorists Insurance Company v. Trane Company*, 544 F.Supp. 669, 678 (W.D.Wis.1982), *aff'd*, 718 F.2d 842 (7th Cir.1983).

■ Both Western World and Sentry agree that the allegations of the complaint state a viable claim against the City of Brookfield. However, Sentry contends that certain exclusions in its policy absolve it of any duty to defend or indemnify the City of Brookfield. In Wisconsin, an insurer has the burden of proving the applicability of an insurance contract's exclusion. *See Just v. Land Reclamation, Ltd.*, 155 Wis.2d 737, 771, 456 N.W.2d 570, 584 (1990). (Steinmetz, J., dissenting). The relevant exclusions identified by Sentry are as follows:

*police professional liability exclusion*

It is agreed that as respects police professional liability, this policy shall not apply to any liability for personal injury or property damage arising out of:
1) false arrest, false imprisonment, wrongful eviction, wrongful entry, wrongful detention or malicious prosecution; or,
2) libel, slander, defamation of character, humiliation, or invasion of the rights of privacy;

As respects the operation, including the rendering or failure to render professional services of any law enforcement officer within the municipality.

*law enforcement liability exclusion*

It is agreed this insurance does not apply to bodily injury, personal injury or property damage due to the rendering of or failure to render police or law enforcement services.

This exclusion does not apply to bodily injury, personal injury, or property damage arising out of the ownership, maintenance, or use of your premises which are ordinarily nonincidental to law enforcement activities.

*municipalities errors and omissions exclusion*

It is agreed that this policy shall not apply to any liability for any actual or alleged error, misstatement, or misleading statement, act or omission, or neglect or breach of duty by the insured, or by any other person whose acts the insured is legally responsible for arising out of the discharge of duties as a (municipality) and/or (municipal council) or as a duly elected or appointed members or officials thereof.

Defendant, Sentry Insurance, A Mutual Company's Brief in Opposition to Defendant, Western World's Motion for Summary Judgment at 5 (citations omitted).

■ Western World does not contend that these provisions are ambiguous, so the court will simply apply the policy according to its terms without engaging in construction. In the absence of an ambiguity, the court need not construe the policy strictly against the insurer. *See Arkwright–Boston Manufacturers Mutual Insurance Company v. Wausau Paper Mills Company*, 818 F.2d 591, 594 (7th Cir.1987). The only question is whether an issue of fact remains as to whether the plaintiff's claims against McNeill and the City of Brookfield fall within the exclusions of the policy.[4]

---

this case, so the court will proceed to apply Wisconsin law.

**4.** The parties do not clearly differentiate between the cause of action against McNeill and the cause of action against the City of Brookfield. Although a plaintiff cannot state a section 1983 claim under a respondeat superior theory,

*see Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985), under Wisconsin law a municipality might have a duty to indemnify an employee sued in his personal capacity. *See* Wis. Stat. § 895.46. The plaintiff did not specify in what capacity she was suing McNeill, but the court assumes that it was in his personal capaci-

Sentry contends that all the allegations against the City of Brookfield pertain to the rendering and supervision of police services and that, consequently, coverage is excluded by a plain reading of the policy. Western World concedes that Sentry's policy of insurance does not extend to police officers or municipal officials; however, Western World believes that paragraph 25 of the Amended Complaint states a claim which does not come under the exclusions.

Paragraph 25 states that:

As a result of the actions and inactions on the part of defendant City of Brookfield, the plaintiff suffered damages in the amount of $450,000.00.

Amended Complaint at ¶ 25. Western World explains that:

Although coverage under Sentry's policy of insurance does not extend to police officers or municipal officials, paragraph 25 of the Amended Complaint does not allege activities by either. This allegation simply claims that actions and inactions by the City of Brookfield resulted in damages to the plaintiff. If conduct by the City unrelated to its status as an employer was proven to have resulted in damages to Ms. Pfeifer, as general liability insurer, Sentry would have a duty to indemnify.

Defendant Western World's Brief in Support of Summary Judgment at 4.

Sentry responds that:

[A] reading of paragraph 25, in full context, shows it to be the plaintiffs [sic] "wherefore" clause. In that paragraph, the plaintiff makes her prayer for damages, which prayer is based upon the liability allegations made in paragraphs 20–24 of her complaint.... Paragraph 25 does not contain any allegations of liability against the City of Brookfield, speaking to damages only. Thus, Western World's argument for the imposition of a duty to defend based upon Paragraph 25 of the plaintiff's amended complaint is without merit.

Defendant, Sentry Insurance, a Mutual Company's, Brief in Opposition to Defendant, Western World's Motion for Summary Judgment at 10.

■ The court agrees. Western World's attempt to portray paragraph 25 as raising unspecified independent claims, unrelated to the Brookfield Police Department, is fallacious. No facts in the Amended Complaint support an inference that any city function other than law enforcement was involved and Western World has not presented evidence of any facts not found in the pleadings of which Sentry would have been aware which could have been a basis for liability.

Other courts have concluded that coverage for any liability arising out of police department conduct, including liability for a city's failure to supervise a police officer properly, is excluded by similar insurance policy provisions. *See, e.g., Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir.1989); *Imperial Casualty & Indemnity Company v. Home Insurance Company of Manchester, New Hampshire*, 727 F.Supp. 917, 918–20 (M.D.Pa.1990), *aff'd*, 909 F.2d 1476 (3d Cir.1990).

■ Based on a plain reading of the Sentry policy and on the applicable law, the court concludes that Sentry Insurance, a Mutual Company, had no duty to defend or indemnify the City of Brookfield in this litigation. Therefore, the court will deny this prong of Western World's motion for summary judgment and will enter a declaratory judgment of noncoverage in favor of Sentry. *See In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388, 393 (5th Cir. 1989) (when one party moves for summary judgment the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment), *cert. denied sub nom. Supreme Beef Processors, Inc. v. Yaquinto*, —— U.S. ——, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990).

### III. ATTORNEY FEES

As the second prong of its summary judgment motion, Western World asks this

---

ty since she was seeking punitive damages from him.

court to declare that the bill for $60,012.72 in attorney fees it received from the law firm of von Briesen & Purtell, S.C., which represented the City of Brookfield in this matter, is unreasonable. Western World also wants the court to determine reasonable fees.

## A. FACTS

Documents in the record show that, before this federal lawsuit was commenced, the City of Brookfield retained the law firm of von Briesen & Purtell, S.C. The firm represented the City in the administrative disciplinary proceedings against officer Stephen McNeill which were instituted following the incident involving Deborah Pfeifer. These proceedings concluded with McNeill resigning on September 8, 1987. On May 26, 1988, the City notified the law firm that Deborah Pfeifer had filed a notice of claim against the City. *See* Defendant City·of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at Exhibit C.[5] Even though no lawsuit had been filed, von Briesen & Purtell sent two letters to Western World, Brookfield's law enforcement liability insurer, asking that it be allowed to handle the defense of the City. The firm told Western World facts of the case from handling the administrative proceedings and that its experience in civil rights law would enable it to provide economical representation.

On August 9, 1988, Deborah Pfeifer filed a summons and complaint in federal court. She also filed notices of depositions and discovery demands which were returnable within forty days. On August 12, 1988, by telephone, Western World authorized von Briesen & Purtell to respond to the complaint. The firm then filed an answer on behalf of the City of Brookfield, and, at the request of the City's police chief, began to prepare the City's witnesses for the depositions.

On October 13, 1988, Western World wrote a letter to the City reserving its rights under the policy and authorizing von Briesen & Purtell to continue to act as defense counsel for the City. *See* Defendant City of Brookfield's Brief in Response to Western World's Motion to Determine Reasonableness of Attorneys' Fees at Exhibit P. In another letter sent directly to von Briesen & Purtell on October 18, 1988, Western World requested that the firm defend the City of Brookfield. *See Id.* at Exhibit Q. In the same letter Western World included a list of the following eight guidelines for defense counsel:

*GUIDELINE 1:*

Preliminary workup should be restricted to a review of the Summons and Complaint, Appearance, investigative material, Answer, Demands for Answers to Interrogatories, requests for admission, requests for production of documents and filing of Cross–Complaints, if applicable. *No further workup is to be done without express authorization* from the Company.

*GUIDELINE 2:*

Attorneys should not engage in investigation or lengthy and repeated interviews with witnesses or insureds if those procedures can be properly performed by independent adjusters or investigators. If extenuating circumstances cause a deviation from this instruction, *authorization* must be obtained from the Company.

*GUIDELINE 3:*

Legal research requirements should be promptly reported to the Company. You are requested to provide a summary of the reasons necessitating research requiring more than two hours, and not undertake same without *authorization* from the Company.

*GUIDELINE 4:*

Six-month interim billing is encouraged; however, other arrangements will be entertained. In no case will billing be considered on less than a quarterly basis.

**5.** Western World has failed to authenticate its documentary evidence by affidavit or otherwise. *Cf. Martz v. Union Labor Life Insurance Company,* 757 F.2d 135, 138 (7th Cir.1985)·("when a party seeks to offer evidence through exhibits, they must be identified by affidavit or otherwise made admissible in evidence").

*Time sheets and details of the services performed are required.*

*GUIDELINE 5:*

If depositions are authorized, we request a *"brief"* narrative report covering the highlights of the testimony as they refer to the liability and damages. If the testimony simply confirms our prior knowledge of the claim, it is not necessary to highlight that testimony. In no case do we require copies of depositions unless specifically requested.

*GUIDELINE 6:*

The Company must be promptly advised of court appearances, settlement conferences, pre-trial depositions, and trial. It is required that counsel report twice daily when on trial. If reporting should have to take place after Company local hours, arrangements may be made to report to the handling examiner at home.

*GUIDELINE 7:*

The Company requests that attorney reports be concise and *brief.*

*GUIDELINE 8:*

Reports are to be forwarded directly to the examiner in charge of the file, addressing your correspondence to their individual attention. *Single copies of your reports are all that is needed.*

*Id.* at Exhibit R. In conclusion, Western World stated that:

This letter sets forth guidelines only. It is not expected that it will be possible to follow these guidelines to the letter in every lawsuit that we refer to you. If, as you proceed with the defense, the exercise of your professional responsibility to your client, our insured, you believe a deviation from these guidelines is necessary, please advise us immediately and we will provide you with the necessary authorization.

*Id.*

On behalf of von Briesen & Purtell, Attorney James Reiher wrote to Western World to object to some of the guidelines. In his November 9, 1988 letter, Reiher took issue with the two-hour limit on legal research and with the semi-annual billing policy. Reiher asked that his firm be allowed to send monthly statements. He explained that: "In this way, if a client has a question about the services or the fees, the issue can be raised, discussed, and resolved contemporaneously with the events as they occur and any disputes can be finalized while the case is immediate and in progress." *Id.* Affidavit of Timothy F. Mentkowski at Exhibit F. Reiher also asked that the firm's bills be paid quarterly. In the same letter Reiher informed Western World that three von Briesen & Purtell attorneys would be working on the case.

In a reply dated December 6, 1988, Western World stated that it preferred that the case be handled by one attorney and insisted that only one attorney be in attendance at discovery and court proceedings. Western World agreed to the monthly billing and quarterly payments, but asked the law firm to adhere to Guidelines 2, 3, 5, 6, 7 and 8. *See Id.* at Exhibit G. Despite these negotiations, no bills were ever sent to Western World until November of 1989.

Meanwhile, the City of Brookfield moved to dismiss the complaint on the ground that the plaintiff had only identified herself as "D.P." in the caption of the complaint. The motion was accompanied by a six-page brief. After the plaintiff responded, the motion was denied.

The second, and final, motion filed by the City of Brookfield was a motion to compel the plaintiff to answer questions regarding her sexual history. This motion was also denied.

By June of 1989, the parties had negotiated a $20,000.00 settlement with the plaintiff. The City of Brookfield contributed $4,000.00. The following November, von Briesen & Purtell sent Western World the disputed bill for $55,925.20 in legal fees and $4,087.52 in costs. *See* Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at Exhibit J. Western World also received bills from its own counsel (Riordan, Crivello, Carlson, Mentkowski and Steeves, S.C.) and from counsel for defendant McNeill (Schellinger & Doyle, S.C.). *See* Affidavit of

Timothy F. Mentkowski at Exhibits K & L. Together, these two bills totaled less than $20,000.

## B. LEGAL STANDARDS

■■■■ Courts have the inherent power to determine the reasonableness of attorney fees and to refuse to enforce any contract that calls for clearly excessive or unreasonable fees. *See Herro, McAndrews and Porter, S.C. v. Gerhardt,* 62 Wis.2d 179, 183, 214 N.W.2d 401, 403 (1974). In determining the reasonable value of attorney's fees for services rendered, the proper factors to be considered are: (1) the character and importance of the litigation; (2) the amount of money or value of the interest affected; (3) the professional skill and experience called for and the standing of the attorney in the profession; and (4) the amount and character of the services rendered, the labor, time and trouble involved. *See Id.* at 184, 214 N.W.2d at 403. When the amount of a fee is challenged, the burden of proof is upon the attorney to prove the reasonableness of the fee. *See Standard Theatres, Inc. v. State Department of Transportation, Division of Highways,* 118 Wis.2d 730, 748, 349 N.W.2d 661, 671 (1984). A party who opposes requested fees has a responsibility to state objections with particularity and clarity. *Ohio–Sealy Mattress Manufacturing Company v. Sealy, Inc.,* 776 F.2d 646, 664 (7th Cir.1985).

## C. DISCUSSION

Western World does not take issue with the City's showing in support of the first three factors to be considered in setting a reasonable fee. Therefore, in the absence of any challenge, the court will merely summarize the City's showing as a basis for resolving the parties' dispute over the number of hours billed by von Briesen & Purtell.

### 1. *Character and Importance of Case*

In emphasizing the character and importance of this litigation, the City of Brook-

field [6] says that "it was the claim against the police department's custom, policies, and practice which was the most complex, required the most time-consuming work, and faced the most significant consequences from an adverse verdict and judgment." Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' fees at 16. The City makes much of the Brookfield police chief's concern about the "attack" on his department embodied in the lawsuit. The police chief alleges that he asked von Briesen & Purtell to represent the City in this matter, to prepare himself and his officers for their depositions, and to conduct an aggressive and exhaustive defense. *See Id.* at Exhibit F. The City does not say what authority, if any, the police chief had to direct the tactics and time expenditure of legal counsel engaged to represent the City.

### 2. *Value Affected*

The amount of money or value affected by von Briesen & Purtell's handling of this lawsuit was considerable, if measured by the pleadings. The plaintiff demanded $450,000.00 from the City in her Amended Complaint. This claim, plus her claim against Stephen McNeill for another $450,-000.00 in compensatory damages and for $350,000.00 in punitive damages, was settled for a total of $20,000.00. One may presume that this result was favorable to the defendants.

### 3. *Attorney Skill and Experience*

To establish the skill, experience, and professional standing of the von Briesen & Purtell firm, the City has submitted the affidavits of Gregg Gunta, James Reiher and John Lindquist, three of the six attorneys who worked on the case. These three have outlined their background, experience in civil rights litigation, and work done in connection with this case. *See* Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorney's Fees at Exhibits B, I & L. The law firm emphasizes that: "The City requested that von Briesen & Purtell defend this civil rights

---

**6.** The City of Brookfield, rather than von Briesen & Purtell itself, has responded to the motion
to declare the fee unreasonable.

action specifically because of its professional skill and experience in the area and its past relationship with its police department." *Id.* at 30.

4. *Amount and Character of Services*

The factor over which the parties cannot agree is the amount and character of the services rendered, including the labor, time and trouble involved. To support the number of hours billed (approximately 589 hours) the City has submitted the law firm's itemized bill. *See* Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at Exhibit J. Western World has no quarrel with the $95.00 per hour rate charged by von Briesen & Purtell, but the insurance company calls the number of hours billed "excessive." *See* Affidavit of Timothy F. Mentkowski at Exhibit I. Western World has prepared the following summary of charges billed and charged allowed, which shows ten categories of amounts in dispute:

## SUMMARY OF CHARGES BILLED/ALLOWED

|  | Amount Billed | Amount Allowed |
|---|---|---|
| Legal Research:<br>72.05 Hours at $95.00 per Hour | $ 6,844.75 | $1,900.00 |
| Conferences Among Lawyers at von Briesen & Purtell:<br>41.10 Hours at $95.00 per Hour | $ 3,904.50 | $ 475.00 |
| Pleadings:<br>Drafting Answer:<br>6.45 Hours at $95.00 per Hour | $ 612.75 | $ 237.50 |
| Unsuccessful Motion to Dismiss:<br>35.30 Hours at $95.00 per Hour | $ 3,353.50 | $ 570.00 |
| Conferences With the Insured:<br>18.30 Hours at $95.00 per Hour | $ 1,738.50 | $ –0– |
| Review of Police Department Documents:<br>57.10 Hours at $95.00 per Hour | $ 5,424.50 | $ 950.00 |
| Deposition Summaries:<br>46.90 Hours at $95.00 per Hour | $ 4,455.50 | $ –0– |
| Preparation for Depositions:<br>45.90 Hours at $95.00 per. Hour | $ 4,360.50 | $ 950.00 |
| Redundant Time:<br>127.70 Hours at $95.00 per Hour | $12,131.50 | $ –0– |
| Unauthorized Lexis & Westlaw Charges: | $ 2,117.44 | $ –0– |
| Unauthorized Report of Devise and Tweedale, Inc.: | $ 300.00 | $ –0– |

|  |  |
|---|---|
| Total Billing | $60,012.72 |
| Total of Billings In Issue | – 45,243.44 |
| Allowed Amounts in Issue | + 5,082.50 |
| Total Billings Allowed | $19,851.78 |

---

Affidavit of Timothy F. Mentkowski at Exhibit J. Von Briesen & Purtell, S.C., has refused to accept Western World's offer of $19,851.78 or to suggest a compromise figure.

It appears that this unfortunate dispute has devolved upon the court because von Briesen & Purtell never sent Western World the monthly statements the law firm had insisted upon and Western World never insisted upon receiving the semi-annual statements required by their Guideline No. 4. Instead, approximately four months after a settlement was reached, von Briesen & Purtell sent Western World its first and only bill. This bill's descriptions of time expended show that von Briesen & Purtell wholly ignored many of the Western World guidelines. At the same time, there is nothing in the record after the letter of December 6, 1987, to show that Western World questioned von Briesen & Purtell's ongoing representation, even though it should have been aware of the activities through its own counsel who was also participating in the litigation.

In support of the magnitude of the bill, the City explains that the number of hours worked by von Briesen & Purtell attorneys far exceeded those worked by the other two law firms because von Briesen & Purtell did the majority of work on the five depositions which were taken and on the two motions which were filed. In addition, the City maintains that the claim against Brookfield was the more complex of the plaintiff's two causes of action. But even if these assertions are true, the City has not met the burden of justifying the number of hours billed by its counsel.

Tracking the summary compiled by Western World, the first area of contention is the $6,844.75 billed for 72.05 hours of legal research. Western World has offered to pay $1,900.00 for twenty hours of research. Obviously, von Briesen & Purtell violated Western World's Guideline No. 3 by not obtaining prior permission before undertaking over two hours of research. The City explains that "much of [the research] was associated with the briefing of two motions...." Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at 20. The remainder of the research time was allegedly spent looking up law in preparation for a contemplated, but never filed, motion for summary judgment.

Research actually used in the form of case citations can only be a rough guide to the productivity of time spent, but in this case the City cited a total of only twenty cases in its motion to dismiss, its motion to compel and its reply brief combined. This works out to a charge of approximately $342.44 per citation. Neither of the two motions touched on the merits of the case. And while the court recognizes that some research into the merits is necessary to answer the complaint and to prepare a general defense strategy, the City has not met its burden of justifying 72.05 hours, especially in the absence of a showing that von Briesen & Purtell sought prior permission from Western World to undertake extensive research and in view of its repeated boasts that its counsel were highly experienced in civil rights litigation. The court will allow thirty hours of research at $95.00 per hour for a total of $2,850.00.

Second, Western World objects to the $3,904.50 charge for 41.1 hours of intra-office conferences among the City's lawyers. Western World has offered to pay $475.00 for five hours of conferences. It points out that early in the case it asked that this litigation be handled by only one lawyer. It did not forbid use of the three lawyers proposed by von Briesen & Purtell, but it never authorized the use of the six lawyers revealed in the bill. The City, on the other hand, says that these conferences resulted in a saving of billable hours because one lawyer was able to summarize his work for the benefit of the other lawyers. Nevertheless, none of these conferences would have been necessary with only one lawyer working on the case. After requesting permission to use three lawyers, von Briesen & Purtell proceeded (unauthorized) to use twice as many lawyers. All the von Briesen & Purtell lawyers involved billed at a rate of $95.00, so this is not a case where less experienced (and less

costly) lawyers were used when possible to reduce billing. Because von Briesen & Purtell violated Western World's directive and has otherwise failed to justify this high number of intra-office conference hours, the court will allow only eighteen hours at a rate of $95.00 per hour or $1,710.00 to be billed for conferences. This represents conference time of approximately one half hour per week from the filing of the complaint to the settlement.

■ Third, Western World challenges the time spent responding to the complaint. Von Briesen & Purtell charged $612.75 for 6.45 hours spent drafting the City's thirty-three paragraph answer. Western World wants to reduce the fee to $237.50 for 2.5 hours of work on this task because it believes that experienced counsel should not require more time to draft an answer. The court's concern is not so much the amount of time, but the quality of the answer. *See e.g.* Answer at ¶ 27 (raising the affirmative defense of good faith immunity on behalf of the City—a legally unsupportable defense under federal civil rights law). Nevertheless, Western World's stringent Guidelines put no restrictions on drafting pleadings authorized by the company, so the court will only reduce the time billed to 6.15 hours by subtracting .3 hours for the time billed for filing the answer at the courthouse. This is a function that need not be performed by a lawyer. Consequently, the court will approve a fee of $580.25 for drafting the answer.

■ Western World also objects to von Briesen & Purtell's spending 35.30 hours drafting the City's unsuccessful motion to dismiss. Instead of the $3,353.50 charged, Western World has offered to pay $570 for six hours of work. On this point, the court agrees with Western World. The City moved to dismiss the complaint on the sole ground that the plaintiff had failed to identify herself by name. Instead, she used the initials "D.P." There is no contention that her identity was unknown to the City at any time. The City says that: "The purpose of said motion was necessarily to test the legal and factual basis of the complaint as well as to determine the likelihood of the complaint's continued prosecution under the mandates of the law requiring identification of the parties to litigation." Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at 11. To the contrary, the motion did not address the merits of the case at all. Clearly, it was aimed solely at exposing the plaintiff on the public record. The moving papers, which were filed unsealed and without a request for a sealing order, revealed the plaintiff's name before the motion could be considered by the court. Had the complaint been dismissed with prejudice on this technicality, the court's order would surely have been reversed—after an appeal and the mounting of additional attorney fees. Exposing the plaintiff's name could have been accomplished by a simple motion to amend the caption. For these reasons, lavishing almost six hours per page on this motion was clearly unreasonable. Therefore, the court will approve only six hours of time for a charge of $570.00.

■ Fourth, Western World wants to eliminate 18.3 hours of charges for conferences between von Briesen & Purtell attorneys and City of Brookfield personnel. These are hours which are unrelated to the preparation of discovery responses. In its brief in support of the fee, the City has made no attempt to justify these conferences, so the court will disallow the entire $1,738.50 billed for the 18.3 hours attributed to conferences.

The fifth category of contention is von Briesen & Purtell's review of police department documents. Before being retained by Western World to represent the City of Brookfield, von Briesen & Purtell represented that its attorneys were already well versed in the facts of this case. Western World now professes to be outraged that the attorneys spent an additional 57.10 hours reviewing City of Brookfield documents relevant to this litigation. The fee requested for this task is $5,424.50, but Western World only wants to pay for ten hours of document review at a fee of $950.00.

■ The City points out that the issues in the employment disciplinary proceeding were different from the issues raised by Deborah Pfeifer's section 1983 pattern and practice claim and that, as a result, additional document review had to be undertaken. According to the City, this review was also essential for responding to the plaintiff's discovery requests. By spending 57.1 hours reviewing the insured's documents, von Briesen & Purtell violated Western World guideline 1, which provided that "no further workup is to be done without express authorization from the company." The law firm was required, with or without authorization, to respond to plaintiff's discovery requests and it appears that 37.1 hours would be more than sufficient to respond and to review the pattern and practice claim. Therefore, the court will reduce the amount charged for von Briesen & Purtell's review of City of Brookfield Police Department documents to $3,524.50.

Sixth, Western World asks the court to reject all 46.90 of the hours billed by von Briesen & Purtell for summarizing the transcripts of the five depositions which were taken during the course of this litigation. Western World contends that these summaries would have been unnecessary had one lawyer been handling the case. Moreover, trial was not scheduled until March 19, 1990, so preparation of the summaries for use as a trial tool was premature and, therefore, unnecessary.

The City, on the other hand, says that the depositions were summarized:

as they were taken in order to better prepare for the next depositions to come, as well as to prepare for possible future motions to be filed in the action, including summary judgment. Deposition summaries are not only utilized at trial. These deposition summaries were utilized during the course of this litigation to protect the insured in the discovery stage and to be used in support of any potential defenses as they arose.

Defendant City of Brookfield's Brief in Response to Defendant Western World's Motion to Determine Reasonableness of Attorneys' Fees at 22.

Von Briesen & Purtell violated Western World's stringent guidelines by not obtaining prior authorization for depositions and by failing to advise the Company of the pretrial depositions as required by guidelines 5 and 6.

■ On the other hand, once taken, the firm was required under guideline 5 to prepare "a brief narrative report." The 46.9 hours charged for preparing summaries of five depositions seems to be excessive. More hours were charged for preparing the summaries than was spent taking the depositions according to time sheets. The court feels that three hours summarizing each deposition would be sufficient for a total of 15 hours. The charge for this service is thus reduced to $1,425.00.

■ The insurance company's seventh objection is to the 45.90 hours of time spent preparing for the five depositions. Western World has offered to pay $950.00 for ten hours of preparation. However, again, von Briesen & Purtell violated the Western World guidelines. The billable hours for the five depositions was approximately 37 hours. An average of four hours preparation for each deposition would normally be considered high, but because of the limited evidence in this regard the court will allow 20 hours and reduce the amount charged to $1,900.00.

As its eighth category of contested time entries, Western World has labeled 127.70 hours as "redundant time." In rejecting the full $12,131.50 charged, the insurer explained to von Briesen & Purtell that:

This redundant time is the result of having so many different lawyers work on the case.... For example, on September 29, 1988 and September 30, 1988, two different attorneys listened to the same audio tape. There was a review of the personnel file four times in four days between September 8, 1988 and September 12, 1988. On June 19, 1989 and June 20, 1989, you had three separate attorneys working on settlement. We noted that you have had three different lawyers meeting with the Brookfield Chief

of Police; two separate attorneys meeting with police officers; two attorneys reviewing interrogatory answers; and two attorneys reviewing the plaintiff's prior police records. These are examples of unnecessary work.

Affidavit of Timothy F. Mentkowski at Exhibit J.

■ In *Ohio–Sealy Mattress Manufacturing Company v. Sealy, Inc.*, 776 F.2d 646, 664 (7th Cir.1985), the Seventh Circuit advised that: "Counsel who seek fees have the duty to justify the fees with reasonable, organized, and understandable data so that the trial judge may fairly and expeditiously resolve the fee issue.... Miscellaneous fee data cannot just be dumped on the bench for the judge to sort through and resolve." In this case the City has pointed to no specific data justifying the payment of fees for more than one attorney to perform the same work. It has merely submitted its counsel's bill. However, Western World did not issue its directive that one attorney handle the case until December 6, 1988, so the court will not adjust the fee to deduct "redundant" charges prior to December 6, 1988. Before receiving the Western World directive, von Briesen & Purtell notified Western World that three of its lawyers would be working on the case, and although Western World did not absolutely forbid this arrangement, tacitly allowing more than one lawyer to participate in the litigation is not tantamount to inviting duplication of efforts. For this reason, the court finds that 78.95 hours of the time spent by von Briesen & Purtell lawyers after December 6, 1988, which Western World has labeled as "redundant," represent unreasonable charges and will be deducted from the law firm's bill.

■ Contrary to the Seventh Circuit's directive, the City of Brookfield has also wholly failed to put forth any evidence or argument to justify the ninth and tenth items to which Western World objects—the "Unauthorized Lexis and Westlaw Charges" and "Unauthorized Report of Devise and Tweedale, Inc." Consequently, the $2,117.44 cost of the computer-assisted research and the $300.00 cost of the report will be declared unreasonable.

■ Finally, Western World lodges the general objection that this litigation could have been resolved earlier had von Briesen & Purtell filed its much-contemplated motion for summary judgment on behalf of the City of Brookfield. However, by June of 1989, when this case was settled, the deadline for the completion of discovery set by the court had not expired and the date set for the filing of dispositive motions was still six months in the future. In general, motions filed before the completion of discovery must be held in abeyance or rejected as premature.[7] *See* Federal Rule of Civil Procedure 56(f).

---

7. In this case, however, the court is surprised that, after spending an extravagant amount of time for almost nine months doing legal research and document review, von Briesen & Purtell did not attempt to file a summary judgment motion after Attorney Lindquist discovered a potentially dispositive case on February 9, 1989. *See* Affidavit of Timothy F. Mentkowski at Exhibit H. In *Wedgeworth v. Harris*, 592 F.Supp. 155 (W.D.Wis.1984), Judge Shabaz granted summary judgment to the City of Madison under circumstances similar to those in this case. He ruled that the City could not be held liable for violating plaintiff Cassandra Wedgeworth's civil rights based on its alleged failure to supervise Charles Harris, a police officer who sexually assaulted Wedgeworth while on duty. At the time the *Wedgeworth* complaint was filed, Officer Harris was under investigation for one allegation of sexual misconduct. After the *Wedgeworth* incident occurred, supervising officers became aware of several other complaints of sexual assault made against Harris. Moreover, the City had actual knowledge that Harris had recently had trouble with alcohol and emotional problems. Nevertheless, the court determined that the instances of misconduct involving Harris which wee known to the City prior to the *Wedgeworth* claim were significantly different and that the other incidents, while similar, did not become known until after the assault involving Wedgeworth occurred. As for the City's prior knowledge of Harris' alcohol and emotional problems, the court reasoned that:

Harris' other disciplinary and emotional problems cannot be used to create an inference of recklessness in that these problems provide no indication that Harris would take the kind of action he took. There is no evidence that these problems had anything to do with what happened to plaintiff.

*Id.* at 161.

Although Western World may believe it has cause to disagree with von Briesen & Purtell's litigation strategy, this area of disagreement is not material to a determination of a reasonable fee because Western World has suggested no specific charges which could have been eliminated had such a motion been filed. In view of the inordinate amount of time spent on the six-page motion to dismiss, it is clear that it was far less costly for the City of Brookfield to contribute $4,000 to the settlement than it would have been to bring a motion for summary judgment.

In summary, the court has determined that the reasonable fees for the following categories of work are:

| | |
|---|---|
| Legal Research | |
| 30 hours at $95.00 per hour | $ 2,850.00 |
| Conferences Among Lawyers at von Briesen & Purtell | |
| 18 hours at $95.00 per hour | 1,710.00 |
| Pleadings | |
| Drafting Answer | |
| 6.45 hours at $95.00 per hour | 580.25 |
| Unsuccessful Motion to Dismiss | |
| 6 hours at $95.00 per hour | 570.00 |
| Conferences With the Insureds | –0– |
| Review of Police Department Documents | |
| 37.10 hours at $95.00 per hour | 3,524.50 |
| Deposition Summaries | |
| 15.00 hours at $95.00 per hour | 1,425.00 |
| Preparation for Depositions | |
| 20.00 hours at $95.00 per hour | 1,900.00 |
| Redundant Time | |
| 48.75 hours at $95.00 per hour | 4,631.25 |
| Unauthorized Lexis & Westlaw Charges | –0– |
| Unauthorized Report of Devise and Tweedale, Inc. | –0– |

Consequently, a reasonable fee to be paid by Western World Insurance Company to von Briesen & Purtell, S.C. for its representation of the City of Brookfield in this litigation is calculated as follows:

| | |
|---|---|
| Total Billing | $60,012.72 |
| Total of Billings in Issue | – 45,243.44 |
| Allowed Amounts in Issue | + 17,191.00 |
| Total Reasonable Billings | 31,960.28 |

### ORDER

For the reasons explained above, the court ORDERS that defendant Western World Insurance Company's Motion for Summary Judgment (filed April 12, 1990) IS DENIED IN PART AND GRANTED IN PART. The court orders that judgment shall be entered declaring that:

Defendant Sentry Insurance Company a Mutual Company had no duty to defend or indemnify the defendant City of Brookfield in Civil Action No. 88–C–833 brought in the United States District Court for the Eastern District of Wisconsin.

The court also orders that judgment shall be entered declaring that:

The bill for attorney fees submitted by the law firm of von Briesen & Purtell for its defense of the City of Brookfield in Civil Action No. 88–C–833 brought in the United States District Court for the Eastern District of Wisconsin is unreasonable in part. A reasonable fee for services rendered is $31,960.28.

IT IS FURTHER ORDERED that, all other claims and cross claims having been settled among the parties, this action is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter final judgment as a separate document. This judgment shall provide that:

This action came on for hearing before the Court, Honorable Thomas J. Curran, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

IT IS DECLARED AND ADJUDGED that defendant Sentry Insurance Company a Mutual Company had no duty to defend or indemnify the defendant City of Brookfield in Civil Action No. 88–C–

833 brought in the United States District Court for the Eastern District of Wisconsin.

IT IS FURTHER DECLARED AND ADJUDGED

that the bill for attorney fees submitted by the law firm of von Briesen & Purtell for its defense of the City of Brookfield in Civil Action No. 88–C–833 brought in the United States District Court for the Eastern District of Wisconsin is unreasonable in part. A reasonable fee for services rendered is $31,960.28.

IT IS FURTHER ORDERED AND ADJUDGED

that all other claims and crossclaims asserted by plaintiff Deborah Pfeifer and defendants Sentry Insurance, Western World Insurance Company, Monticello Insurance Company, City of Brookfield and Stephen M. McNeill having been settled, this action is dismissed with prejudice.

Done and Ordered.