STATE of Wisconsin, Plaintiff-Respondent,

v.

Gary S. BABLER, Defendant-Appellant.

Court of Appeals

*No. 91-0728-CR. Submitted on briefs October 8, 1991.—Decided July 9, 1992.*

(Also reported in 487 N.W.2d 636.)

For the defendant-appellant the cause was submitted on the briefs of *Jack C. Hoag* of Janesville.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J.   In this appeal, we decide that the eighth amendment to the United States Constitution[1] does not require strict proportionality between crime and sentence; rather, it forbids only extreme sentences that are grossly disproportionate to the crime. Because the trial court imposed a sentence which is not grossly disproportionate to the defendant's crime, and did not

---

[1]The eighth amendment, which applies to the States by virtue of the fourteenth amendment, *Robinson v. California,* 370 U.S. 660 (1962), provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

otherwise abuse its sentencing discretion, we affirm the order denying the defendant's motion to modify his sentence.

The defendant, Gary S. Babler, pled guilty in Rock County Circuit Court to three counts of theft by a trustee, contrary to secs. 943.20(1)(b) and 943.20(3)(c), Stats. Prior to sentencing, the Walworth County Circuit Court sentenced Babler to a cumulative period of twenty years for securities violations. The Rock County Circuit Court sentenced Babler to ten years on the first theft by trustee count, ten years on the second count to be served consecutively to the first count, and ten years on the third count concurrent with the sentences on the first two counts. All three sentences are to run concurrently with the Walworth county sentences.

Babler contends that the sentences imposed by the Rock County Circuit Court violate the eighth amendment. Specifically, he claims that a review of the sentences imposed by courts in other jurisdictions, even for violent crimes, establishes that the sentences imposed by the Rock County Circuit Court constitute cruel and unusual punishment. Babler argues that his was not a crime of violence and was "essentially" his first offense. He also argues that the circuit court abused its discretion when it exceeded the sentencing guidelines and imposed the same sentence as had been imposed by the Walworth County Circuit Court.

## I.

Babler's eighth amendment claim requires that we consider whether the recent decision of the United States Supreme Court in *Harmelin v. Michigan,* 111 S. Ct. 2680 (1991), precludes us from applying the test for proportionality announced in *State v. Pratt,* 36 Wis. 2d

312, 322, 153 N.W.2d 18, 22–23 (1967), and reaffirmed in *State v. Paske,* 163 Wis. 2d 52, 69–70, 471 N.W.2d 55, 62 (1991). We conclude that it does not.

In *Harmelin,* the Court held that a mandatory term of life in prison without possibility of parole, for possessing 672 grams of cocaine, was not cruel and unusual punishment under the eighth amendment. Justice Scalia, joined by Chief Justice Rehnquist, expressed the view that the Court should overrule *Solem v. Helm,* 463 U.S. 277 (1983), where the Court held that the eighth amendment prohibits grossly disproportionate sentences. Justice Kennedy, joined by Justices O'Connor and Souter, expressed the view that the eighth amendment encompasses a narrow proportionality principle that applies to noncapital as well as capital offenses. Justice White, joined by Justices Blackmun and Stevens, dissenting, expressed the view that there was no justification for overruling or limiting *Solem.* Justice Marshall agreed with Justice White's dissent, except that Justice Marshall concluded that the eighth amendment proscribed the death penalty in all instances.

Justice Scalia and Chief Justice Rehnquist proposed to overrule *Solem* and thus eliminate its three-factor test in assessing "cruel and unusual" punishment claims. *Solem* found three factors relevant to the proportionality determination: (1) the inherent gravity of the offense and the harshness of the penalty, (2) the sentences imposed for similarly grave offenses in the same jurisdiction, and (3) sentences imposed for the same crime in other jurisdictions. *Solem,* 463 U.S. at 290–91. Justices Kennedy, O'Connor and Souter proposed to limit the test to *Solem*'s first factor. Justices White, Blackmun, Stevens and Marshall proposed to retain *Solem*'s three-factor test. Thus, there are seven justices who would

retain *Solem*'s first factor—the inherent gravity of the offense in proportion to the penalty imposed.

This result, retaining the *Solem* factor to assess "cruel and unusual" punishment claims, is consistent with the treatment of *Solem* in *Paske*, 163 Wis. 2d at 68–71, 471 N.W.2d at 61–63. The *Paske* court said that the proportionality test of *Pratt*, 36 Wis. 2d at 322, 153 N.W.2d at 22–23, "is similar to the first objective of *[Solem]* in that they both involve an analysis of the circumstances of the case: the gravity of the offense and the harshness of the penalty." *Paske*, 163 Wis. 2d at 70, 471 N.W.2d at 62. The *Paske* court concluded: "We will review sentencing for abuse of discretion." *Id.* (citing *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971)).

Because sentencing requires that the sentencing court consider the gravity of the offense and the harshness of the penalty, if an appellate court reviews a sentence for abuse of discretion, its review includes the defendant's claim that the sentence violates the eighth amendment. We conclude that *Harmelin* does not require a modification of the *Pratt/Paske* proportionality test.

## II.

We therefore review Babler's sentence for abuse of discretion. Babler argues that three factors demonstrate that the circuit court abused its discretion. First, the court sentenced him to a term of imprisonment ten years longer than that recommended by the Department of Corrections. Second, his sentence was to a term of imprisonment fifteen years greater than the term recommended by the sentencing guidelines for theft. Third, the

Rock County Circuit Court allegedly "rubber-stamped" the judgment of the Walworth County Circuit Court by imposing a similar sentence. We reject Babler's arguments.

(a) *Recommendation of Department of Corrections.* The presentence investigation report prepared for the Walworth County Circuit Court contains the recommendation of the Department of Corrections. Babler does not explain how that recommendation relates to the Rock county charges. In any event, the Walworth county presentence investigation report is not in the record presented for our review. We may not consider facts not contained in the record presented to us. *Herro, McAndrews & Porter v. Gerhardt,* 62 Wis. 2d 179, 180, 214 N.W.2d 401, 402 (1974).

(b) *Sentence Beyond Guidelines.* Section 973.012, Stats., requires that the sentencing court consider the sentencing guidelines promulgated by the Wisconsin Sentencing Commission under sec. 973.011, Stats. However, no guidelines have been established by the commission for the crime of theft by a trustee contrary to secs. 943.20(1)(b) and 943.20(3)(c), Stats. Babler suggests that theft, for which there is a sentencing matrix (Sentencing Guidelines Manual at 8-3, 8-4), is "very much akin" to his crimes, and that consideration of that matrix shows that his sentence is "clearly excessive." We conclude that the circuit court did not abuse its sentencing discretion in failing to consider the sentencing guidelines recommendation for other types of thefts. Babler did not request that the circuit court apply the theft matrix to Babler's sentencing. Further, the crimes of theft for which the Sentencing Commission has pre-

pared recommendations differ from the crimes to which Babler pled guilty.

(c) *Consideration of Walworth County Circuit Court Sentence.* Babler argues that the Rock County Circuit Court "rubber-stamped" the judgment of the Walworth County Circuit Court without examining whether the Walworth county sentence was appropriate. Babler claims that the Rock County Circuit Court imposed the sentence it did because that was the sentence imposed in Walworth county. The transcript of the sentencing hearing refutes Babler's contentions.

Babler's counsel explained to the circuit court that Babler and the state had agreed that the state "will recommend concurrent time for whatever length they deem appropriate." Pursuant to that agreement, the prosecutor argued that the court should impose the maximum period of imprisonment permissible on each offense. The court accepted the prosecutor's recommendations. However, the transcript of the sentencing hearing shows that the circuit court did not base the exercise of its discretion upon the Walworth county sentence. It articulated appropriate sentencing considerations: the seriousness of the offense, the character and rehabilitative needs of the defendant, and the need to protect the public, *Paske,* 163 Wis. 2d at 62, 471 N.W.2d at 59 (citing *State v. Sarabia,* 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984)), his criminal record, his attitude and demeanor, and his lack of remorse. *Id.* (citing *State v. Evers,* 139 Wis. 2d 424, 451–52, 407 N.W.2d 256, 268 (1987)).

The record of the sentencing hearing shows that the state demonstrated that, by his crimes in Rock county, Babler had defrauded investors of approximately $45,000. The state showed that in related schemes Babler had defrauded investors of over one million dollars. Most of his victims were middle class, elderly per-

sons who invested their life savings or pensions in Babler's schemes. The circuit court noted that Babler did not show "any great remorse" for his admitted crimes. Babler's sentence was within the statutory range of penalties. Further, the court could have sentenced Babler to terms of imprisonment consecutive to the sentence imposed by the Walworth County Circuit Court.

We conclude that the record shows that the trial court exercised its discretion. "[W]here the exercise of discretion has been demonstrated, this court follows a consistent and strong policy against interference with the discretion of the trial court in passing sentence." *McCleary,* 49 Wis. 2d at 281, 182 N.W.2d at 521–22.

*By the Court.*—Judgment and order affirmed.